PEARSON, J.

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MARIO GOMEZ-GOMEZ, | ) | |
| | ) | CASE NO.  3:26-CV-1041 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KEVIN RAYCRAFT *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondents. | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 1 and 4] |

This case comes before the Court on Petitioner Mario Gomez-Gomez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  The Court issued a Show Cause Order on June 3, 2026, instructing Respondents to answer the allegations in the petition and show cause as to why the petition should not be granted.  ECF No. 3.  Respondents responded and moved to vacate the Court's Order enjoining Respondents from removing Petitioner from the Northern District of Ohio.  ECF No. 4.  Respondents explained that Petitioner was transported from Ohio to Port Isabel in Texas on June 2, 2026, prior to the Court's Show Cause Order.  ECF No. 4 at PageID #: 29.  He is currently scheduled to be removed from the United States on June 7, 2026, pursuant to a final removal order.[1]  ECF No. 4 at PageID #: 30; ECF No. 4-1.

A habeas petition pursuant to § 2241 must "be filed in the court having jurisdiction over the [detainee's] custodian."  *Brown v. Young*, No. 02-cv-2376, 2022 WL 17093073, at * 1 (W.D.

---

[1] The Court lacks jurisdiction to review the commencement, adjudication, or execution of a removal order.  *See* 8 U.S.C. §§ 1252(g).

(3:26CV1041)

Tenn. Nov. 21, 2022) (citing *Terrell v. United States*, 564 F.2d 442, 447 (6th Cir. 2009)); *see Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003) (holding that a district court only has jurisdiction over a habeas petition, even in the immigration context, if it has personal jurisdiction over the petitioner's custodian.); *see also Xu Guangshi v. Holder*, No. 11 CV 1408, 2011 WL 5361050 (N.D. Ohio Nov. 4, 2011) (Zouhary, J.) (holding that once the petitioner was deported, the court lacked jurisdiction to grant habeas relief.).  Because Petitioner is currently detained in Texas, which is outside the Northern District of Ohio, and is scheduled for deportation pursuant to a final removal order (ECF No. 4-1) the Court lacks jurisdiction to grant his requested relief.

Accordingly, Respondents' Motion to Vacate the Order Enjoining Petitioner's Removal from the Northern District of Ohio (ECF No. 4) is granted and the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is dismissed for lack of jurisdiction.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

June 5, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge